IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO COLLINS,

    Petitioner,                                              No. CIV S-08-3078 KJM P

    vs.

WARDEN, MULE CREEK STATE PRISON

    Respondents.                                          ORDER

_____/

        Petitioner is a state prison inmate who has filed a document he labels as a petition for a writ of habeas corpus. He has also filed an application to proceed in forma pauperis using the form issued by the state Judicial Council, a form which does not provide the information this court needs in order to determine whether the request is appropriate. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Petitioner alleges that he was falsely accused of assaulting his cellmate and was placed in administrative segregation, where he has suffered "mental illness and physical injuries from handcuffs and ankle cuffs." In addition, much of his personal property has been lost. While he seeks release from administrative segregation, he does not allege that he lost any credits or suffered any change in the length of his sentence as the result of the placement. In addition, he seeks compensation for his injuries.

1

While such claims may be the subject of a state habeas petition, plaintiff may pursue them in federal court only in a civil rights action. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (habeas action challenges confinement). In a civil rights action, a plaintiff must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007).

In addition, in a civil rights case, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to change the designation of this action to reflect that it is a civil rights action filed by a prisoner.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Amended Complaint";; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    3. The Clerk of the Court is directed to send plaintiff the forms for a civil rights action and a request to proceed in forma pauperis by a prisoner.

DATED: April 16, 2009.

_____
U.S. MAGISTRATE JUDGE

2

coll3078.nothab